**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT** | * | **CIVIL ACTION NO. 14-1321** |
| **OF KIRBY INLAND MARINE, LP** | * | |
| **OWNER OF THE M/V MISS SUSAN,** | * | |
| **KIRBY 27705, KIRBY 27706** | * | **ADMIRALTY** |
| **PETITIONING FOR EXONERATION** | * | |
| **FROM OR LIMITATION OF LIABILITY** | * | **Pursuant to Rule 9(h) of the** |
| | * | **Federal Rules of Civil** |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | * | **Procedure** |

**Consolidated with**

| | | |
|---|---|---|
| **IN RE: SEA GALAXY MARINE SA, AS** | * | **CIVIL ACTION NO. 14-134** |
| **OWNER OF THE M/V SUMMER WIND** | * | |
| **PETITIONING FOR EXONERATION** | * | |
| **FROM OR LIMITATION OF LIABILITY** | * | |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | * | |

## CONSOLIDATED ANSWER AND CLAIM IN LIMITATION TO KIRBY INLAND MARINE, LP, SEA GALAXY, SA, AND CLEOPATRA SHIPPING AGENCY, LTD COMPLAINT AND PETITION OF FOR EXONERATION FROM LIMITATION OF LIABILITY AND CLAIM IN LIMITATION

Claimants, 3G Fishing Charters LLC, Launch Waterfront Eatery LLC, Galveston Fishing Charter Company, Matt Garner d/b/a All American Fishing Charters, 3G Bait and Tackle Shop, LLC, Sammy Flores d/b/a Salty Soul Guide Service, Adam Kleczkowski, Greg Verm d/b/a Fishing Galveston Texas, Caroline Cope, Scott Moss d/b/a Bayou Bait Camp and Scotty's Crabs ("Claimants") and all claimants named in Exhibit "A" are incorporated into this pleading (collectively referred to as "Claimants") file this Consolidated Answer and Claim in Limitation to **KIRBY INLAND LP,  SEA GALAXY, SA, and CLEOPATRA**

**SHIPPING AGENCY, LTD'S** ("Petitioners" or "Complainants") Complaint and Petition for Exoneration From or Limitation of Liability and Claims in Limitation and would respectfully show the Court that:

## I.    DEFENSES AND ANSWER

For answer to the Complaint, Claimants state the following defenses and responses to the allegations as to all Petitioners:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.  Rule 12(b)(6), FED. R. CIV. PROC.

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors each Petitioner over Claimants and deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

### THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.,* the value of the contract under which the vessel was operating at the time of the incident made

the basis of Claimants' claims.  The proper security must be deposited at the time of filing.  Rule F(1).  Petitioners' deposit at the time of filing did not meet the requirements of Rule F(1).  Accordingly, this limitation action must be dismissed.

## FOURTH DEFENSE

To the extent Petitioners' insurers attempt to avail itself of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## FIFTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants.  *See* 46 U.S.C. § 183; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## SIXTH DEFENSE

Claimants respectfully reserve the right, pursuant to the "saving to suitors"

clause of 28 U.S.C. § 1333(1), to pursue claims in the forum of choice.  Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004).  Further, pursuant to the holdings of *In Re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2nd Cir. 1932); *Kreta Shipping v. Preussay International Steel Corp.*, 192 F.3d 41, 48 (2nd Cir. 1999); and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), Claimants hereby assert and claim the right to have claims and damages tried to a jury in the court of their choosing.

## SEVENTH DEFENSE

Claimants reserve the right to contest the appraisal values of each vessel and/or for any additional vessels in any flotilla, their engines, apparel, appurtenances, pending freight, contracts, etc., and the adequacy of the security.

## EIGHTH DEFENSE

The incident made the basis of Claimants' claims caused serious injury to Claimants, and was caused, at least, in part, by the negligence of Petitioners, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioners, its principals, agents, servants, and/or employees.  Accordingly, Petitioners cannot limit any liability.

## NINTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by each Petitioner.

## II.    ANSWER AS TO KIRBY INLAND MARINE, LP

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner Kirby Inland Marine, LP, as follows:

### A.

Claimants deny the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

### B.

Claimants deny the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

### C.

Claimants deny the allegations in Paragraph 3 for lack of sufficient information to justify a belief in the truth thereof.

**D.**

Claimants deny the allegations in Paragraph 4 for lack of sufficient information to justify a belief in the truth thereof.

**E.**

Claimants deny the allegations in Paragraph 5 for lack of sufficient information to justify a belief in the truth thereof.

**F.**

Claimants deny the allegations in Paragraph 6 for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants admit the allegations in Paragraph 7.

**H.**

Claimants deny the allegations in Paragraph 8 or lack of sufficient information to justify a belief in the truth thereof.

**I.**

Claimants deny the allegations in Paragraph 9.

**J.**

Claimants deny the allegations in Paragraph 10.

**K.**

Claimants deny the allegations in Paragraph 11 or lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 12 or lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 13 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

### III. ANSWER AS TO SEA GALAXY MARINE, SA

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner **SEA GALAXY MARINE, SA**, as follows:

#### A.

Claimants deny the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

#### B.

Claimants deny the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

#### C.

Claimants deny the allegations in Paragraph 3 for lack of sufficient information to justify a belief in the truth thereof.

#### D.

Claimants deny the allegations in Paragraph 4 for lack of sufficient information to justify a belief in the truth thereof.

#### E.

Claimants deny the allegations in Paragraph 5 for lack of sufficient information to justify a belief in the truth thereof.

**F.**

Claimants deny the allegations in Paragraph 6 for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants deny the allegations in Paragraph 7 or lack of sufficient information to justify a belief in the truth thereof.

**H.**

Claimants deny the allegations in Paragraph 8.

**I.**

Claimants deny the allegations in Paragraph 9.

**J.**

Claimants deny the allegations in Paragraph 10.

**K.**

Claimants deny the allegations in Paragraph 11 or lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 12 or lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 13 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

**Q.**

Claimants deny the allegations in Paragraph 17 for lack of sufficient information to justify a belief in the truth thereof.

**R.**

Claimants deny the allegations in Paragraph 18 or lack of sufficient information to justify a belief in the truth thereof.

**S.**

Claimants deny the allegations in Paragraph 19 for lack of sufficient information to justify a belief in the truth thereof.

**T.**

Claimants deny the allegations in Paragraph 20 for lack of sufficient information to justify a belief in the truth thereof.

**U.**

Claimants deny the allegations in Paragraph 21 are not the type to which Claimants can affirm or deny.  To the extent such is incorrect, Claimants deny the allegations contained therein for lack of sufficient information to justify a belief in the truth thereof.

### IV. ANSWER AS TO CLEOPATRA SHIPPING AGENCY, LTD.

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner **CLEOPATRA SHIPPING AGENCY, LTD.**, as follows:

**A.**

Claimants deny the allegations in Paragraph 4.1 for lack of sufficient information to justify a belief in the truth thereof.

**B.**

Claimants deny the allegations in Paragraph 4.2 for lack of sufficient information to justify a belief in the truth thereof.

**C.**

Claimants deny the allegations in Paragraph 4.3 for lack of sufficient information to justify a belief in the truth thereof.

**D.**

Claimants deny the allegations in Paragraph 4.4 for lack of sufficient information to justify a belief in the truth thereof.

**E.**

Claimants deny the allegations in Paragraph 4.5 for lack of sufficient information to justify a belief in the truth thereof.

**F.**

Claimants deny the allegations in Paragraph 4.6, all subsections, for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants deny the allegations in Paragraph 4.7 for lack of sufficient information to justify a belief in the truth thereof.

**H.**

Claimants deny the allegations in Paragraph 4.8 for lack of sufficient information to justify a belief in the truth thereof.

**I.**

Claimants deny the allegations in Paragraph 4.9 for lack of sufficient information to justify a belief in the truth thereof.

**J.**

Claimants deny the allegations in Paragraph 4.9 for lack of sufficient information to justify a belief in the truth thereof.

**K.**

Claimants deny the allegations in Paragraph 4.10 for lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 4.11 for lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 4.12 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 4.13 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 4.14 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 4.15 for lack of sufficient information to justify a belief in the truth thereof.

**Q.**

Claimants deny the allegations in Paragraph 4.16 for lack of sufficient information to justify a belief in the truth thereof.

**R.**

Claimants deny the allegations in Paragraph 4.17 for lack of sufficient information to justify a belief in the truth thereof.

**S.**

Claimants deny the allegations in Paragraph 4.18 for lack of sufficient information to justify a belief in the truth thereof.

**T.**

Claimants deny the allegations in Paragraph 4.19 for lack of sufficient information to justify a belief in the truth thereof.

**U.**

Claimants deny the allegations in Paragraph 4.20 for lack of sufficient information to justify a belief in the truth thereof.

**V.**

Claimants deny the allegations in Paragraph 4.21 for lack of sufficient information to justify a belief in the truth thereof.

**W.**

Claimants deny the allegations in Paragraph 4.22 for lack of sufficient information to justify a belief in the truth thereof.

**X.**

Claimants deny the allegations in Paragraph 4.23 for lack of sufficient information to justify a belief in the truth thereof.

**Y.**

Claimants deny the allegations in Paragraph 4.24 for lack of sufficient information to justify a belief in the truth thereof.

**Z.**

Claimants deny the allegations in Paragraph 4.25 for lack of sufficient information to justify a belief in the truth thereof.

**AA.**

Claimants deny the allegations in Paragraph 4.26 for lack of sufficient information to justify a belief in the truth thereof.

**BB.**

Claimants deny the allegations in Paragraph 4.27 for lack of sufficient information to justify a belief in the truth thereof.

**CC.**

Claimants deny the allegations in Paragraph 4.28 for lack of sufficient information to justify a belief in the truth thereof.

**DD.**

Claimants deny the allegations in Paragraph 4.29 for lack of sufficient information to justify a belief in the truth thereof.

**EE.**

Claimants deny the allegations in Paragraph 4.30 for lack of sufficient information to justify a belief in the truth thereof.

**FF.**

Claimants deny the allegations in Paragraph 4.31 for lack of sufficient information to justify a belief in the truth thereof.

**GG.**

Claimants deny the allegations in Paragraph 4.32 for lack of sufficient information to justify a belief in the truth thereof.

**HH.**

Claimants deny the allegations in Paragraph 4.33 for lack of sufficient information to justify a belief in the truth thereof

## V. <u>CLAIMS AS TO ALL PETITIONERS</u>

AND NOW, in the alternative pending the injunction and order of stay being lifted so that they may prosecute claims against Petitioners and other parties in the venue of their choice, Claimants assert claims against Petitioners as follows:

Claimants have suffered losses under admiralty or maritime law. Claimants are individuals and/or entities who claim economic losses, or damages to their occupations, businesses, personal injuries, and/or property damages as a result of the oil spill which occurred, as a result of the collision between the M/V MISS SUSAN and the M/V SUMMER WIND, in Galveston Bay on March 22, 2014.

Such injuries were legally caused by the negligence and gross negligence of the Petitioners and the unseaworthiness of the Vessels in question. Such an incident does not occur without an unseaworthy condition or negligence. Claimants have suffered and will continue to suffer economic loss due to the Spill and related injury to marine life in the Gulf of Mexico.

### A.    Claims Under General Maritime Law

### 1.    Negligence

At all times material hereto Petitioners owed and breached duties of ordinary and reasonable care to Claimants in connection with collision occurred between a barge being pushed by the M/V MISS SUSAN and the 585-foot bulk carrier, M/V SUMMER WIND, and additionally owed and breached duties to Claimants to guard against and/or prevent the risk of an oil spill.

Petitioners were under a duty to exercise reasonable care to ensure that if oil discharged in the event of a collision, that it would be contained and/or stopped within the immediate vicinity of the Vessel in an expeditious manner.

Petitioners knew or should have known that the acts and omissions described herein could result in damage to Claimants.

Petitioners, respectively and collectively, failed to exercise reasonable care to ensure that a collision and subsequent oil spill did not occur, and thereby breached

duties owed to Claimants.

As the owners and operators of the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706, Petitioners owed duties of care to Claimants to, inter alia, man, possess, manage, control, navigate, maintain and operate these Vessels with reasonable and ordinary care.

Petitioners breached these duties owed to Claimants by, inter alia, failing to properly manage, control, maintain and operate these vessels by failing to properly navigate, steer and control the vessels.

The conduct of the Petitioners with regard to the manufacture, maintenance and/or operation of its vessels and their appurtenances and equipment is governed by numerous state and federal laws and permits issued under the authority of these laws. These laws and permits create statutory standards that are intended to protect and benefit Claimants. Petitioners violated one or more of these statutory standards.

The violations of these statutory standards constitute negligence per se under Texas and the general maritime law.

In addition to the foregoing acts of negligence, Claimants aver that the collision and resulting Spill were caused by the joint, several, and solidary negligence and fault of Petitioners in the following non-exclusive particulars:

(a) Failing to properly operate the M/V SUMMER WIND, M/V MISS

SUSAN, KIRBY 27705, AND KIRBY 27706;

(b) Operating the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 in such a manner that a collision occurred, causing it to sink and resulting in the Spill;

(c) Failing to properly inspect the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 to assure that their equipment and personnel were fit for their intended purpose;

(d) Acting in a careless and negligent manner without due regard for the safety of others;

(e) Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations, if they had been so promulgated, implemented and enforced, would have averted the collision, sinking, and Spill;

(f) Operating the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 with untrained and unlicensed personnel;

(g) Negligently hiring, retaining and/or training personnel;

(h) Failing to take appropriate action to avoid or mitigate the accident;

(i) Negligently implementing or failing to implement policies and procedures to safely conduct maritime operations;

(j) Failing to provide appropriate accident prevention equipment;

(k) Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the general maritime law.

Claimants are entitled to a judgment finding Petitioners liable, jointly and severally, to Claimants for damages suffered as a result of Petitioners' negligence and awarding Claimants adequate compensation therefor in amounts determined by the trier of fact.

The injuries to Claimants were also caused by and/or aggravated by the fact that Petitioners failed to take necessary actions to mitigate the danger associated with their operations.

As a direct and proximate result of Petitioners' acts and/or omissions, the Claimants have suffered, inter alia, damages resulting from the closure and pollution of the Galveston Bay water areas, harbors, marinas, boat launches and waterways, including the loss of their livelihoods which directly depend upon a supply of fish, shrimp, oysters and crabs, loss of income, loss of the right of use of Galveston Bay, and Texas, saltwater areas, and costs associated and inconvenience sustained as a result of the closure and pollution of water areas.

Claimants have suffered, inter alia, damages associated with a loss of income and inconvenience due to their inability, and the inability of their customers and

clients, to use Galveston Bay, the Gulf of Mexico and the Coastal Zone for recreational purposes.

As a direct and proximate result of the Petitioners' acts and/or omissions, the Claimants have suffered, inter alia, damage to their property, diminution of value and/or loss of use of their property, stigma damages resulting from the taint of their property caused by the Spill and they have been otherwise injured.

Claimants have suffered damages, including, inter alia, loss of business, loss of income and lost profits, and inconvenience due to the decrease in business resulting from the Spill.

## 2.    Gross Negligence and Willful Misconduct

Claimants reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

Petitioners owed and breached duties of ordinary and reasonable care to Claimants in connection with the operation of M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 and additionally owed and breached duties to Claimants to guard against and/or prevent the risk of a collision and the Spill. The existence and breach of these legal duties are established under the general maritime law and state law as deemed applicable herein.

Petitioners breached their legal duty to Claimants and failed to exercise

reasonable care and acted with reckless, willful, and wanton disregard in the operation of the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706.

Petitioners knew or should have known that their wanton, willful, and reckless misconduct would result in a disastrous oil spill, causing damage to those affected by the Spill.

Petitioners acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment and Claimants.

### B.    The Oil Pollution Act

Claimants reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

The Oil Pollution Act, 33 U.S.C. § 2701, et seq. (the "OPA"), imposes liability upon a "responsible party for a... vessel or a facility from which oil is discharged...into or upon navigable waters or adjoining shorelines" for the damages that result from such incident as well as removal costs. 33 U.S.C. § 2702.

The Oil Pollution Act, 33 U.S.C. § 2702 (d)(1)(A) imposes liability upon third parties and treats them as responsible parties when said third parties commit negligent acts or omissions that cause the spill.

Therefore, Petitioners are strictly liable pursuant to Section 2702 of the OPA for all the damages resulting from the Spill.

Petitioners are not entitled to limit their liability under Section 2704(a) of the OPA because the Spill was proximately caused by their gross negligence, willful misconduct, or violation of applicable safety, construction or operating regulations. 33 U.S.C. § 2704(c).

As a result of the Spill, Claimants have not been able to use natural resources (air and water, and potentially wetlands and other areas and spaces that have and/or may become contaminated by the spilled oil), and they are entitled to recover from Petitioners for such damages in amounts to be determined by the trier of fact, in addition to the damages as set forth below.

As a result of the Spill, Claimants are entitled to damages pursuant to Section 2702(b)(2)(B), which provides for recovery of damages to real or personal property, including "[D]amages for injury to, or economic losses resulting from destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property, including the diminution in the value of their property."

As a result of the Spill, Claimants are entitled to damages pursuant to Section 2702(b)(2)(C), which provides for recovery for "[D]amages for loss of subsistence use of natural resources, which shall be recoverable by any claimant who so uses

natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources."

As a result of the Spill, Claimants are entitled to damages pursuant to Section 2702(b)(2)(E), which provides for "[D]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."

## C.  State Law Claims For Relief

### 1.  Nuisance

Claimants reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

Petitioners were under a duty to take positive action to prevent or abate the interference, but failed to do so. The harm suffered by the Property Claimants was significant and of a kind that would be suffered by a normal person in the community or by property in normal condition and used for normal purpose. Claimants have also suffered the migration of contaminants and noxious odors as a result of the Spill.

Petitioners acted in an unreasonable manner in creating the nuisance described herein.

The Spill that Petitioners caused and/or contributed to has polluted the Claimants' property, constituting a nuisance that has caused and will continue to cause injury to the Property Claimants, including, but not limited to, damages to and diminution in the value of their residential, commercial, or investment properties and the surrounding marine and coastal environments, and stigma damages resulting from the taint of their properties caused by the Spill.

Petitioners are liable to the Claimants for actual and compensatory damages sustained as the direct and proximate result of the nuisance alleged herein.

### 2.     Trespass

Claimants reallege each and every allegation set forth in all preceding paragraphs as if fully restated here.

Petitioners knew of the risks of collision and oil spill, and that the oil from such a spill would wash ashore and cause devastating damage to real property along the shores of Galveston Bay and Texas.

Petitioners discharged a polluting substance beyond the boundary of the Claimants' property in such a manner that it was reasonably foreseeable that the pollutant would, in due course, invade the Claimants' property and cause harm.

By discharging pollutants, Petitioners entered, invaded, and intruded on the properties of Claimants.

Petitioners had a duty to use reasonable care not to enter, intrude on, or invade the Claimants' properties. Petitioner also owed a duty to the Property Claimants to exercise reasonable care in the operation of the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706.

Petitioners breached the duties they owed to the Claimants when they outrageously and maliciously, owing to gross negligence, willful, wanton and reckless indifference for the rights of others, which conduct resulted in the entry, intrusion, or invasion on the Claimants' properties.

The outrageous, malicious, rude, oppressive, grossly negligent, willful, reckless, and wanton conduct of Petitioners, as described herein, entitles the Claimants to compensatory and punitive damages.

The Claimants have also suffered the migration of contaminants and noxious odors onto their properties and persons as a result of the Spill.

These acts on the part of Petitioners caused oil from the Spill to come ashore in Galveston Bay and Texas. This deliberate invasion and contamination of the property owned by the Petitioner constitutes a trespass in violation of Texas law.

As a direct and proximate result of their unauthorized invasion, entry and contamination Petitioners have caused and continue to cause the Claimants real and personal property damage, economic and business loss, loss of income, loss of value

of their property, inconvenience and out-of-pocket expenses, and the creation of conditions that are harmful to human health and the environment, for which Petitioner is liable in damages.

### D.    Declaratory Relief: Punitive

The Claimants, the proposed Class and Subclasses, society, and the Galveston Bay, Texas, and Gulf Coast community have a legitimate and legally protected interest, additional to and independent of the interest or entitlement to compensation, in punishment and deterrence of reprehensible and harmful conduct, and in imposing full and effective punishment and deterrence of such conduct. Punitive damages do not compensate for injury. They are private fines, authorized by the General Maritime Law (and/or state law), to punish reprehensible conduct and deter its future occurrence. Punitive damages are specifically designed to exact punishment, in excess of actual harm, to make clear that the Petitioner's misconduct is especially reprehensible, to embody social outrage and moral condemnation of such misconduct, and to assure that it is not repeated. Accordingly, Claimants seek a judicial declaration against Petitioners and in favor of the class that any settlement provisions that purport, directly or indirectly, to release or to affect the calculation of punitive damages without a judicial determination of fairness, adequacy, and reasonableness are ineffective as contrary to law, equity and public policy.

All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

## IV. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Answer and Claim be deemed good and sufficient, that the injunction and order of stay in place be lifted so that he may prosecute his claims against Petitioners and other parties in the venue of his choice, that after due proceedings, there be judgment denying the Complaint of Petitioners for exoneration from or limitation of liability, with all costs to be borne by such Petitioners. Claimants demand against Petitioners as follows: economic and compensatory damages; punitive damages, pre-judgment and post-judgment interest at the maximum rate allowable by law, attorney's fees and costs of litigation, and such other relief available under all applicable state and federal laws and any relief the Court deems just.

DATED: <u>October 1, 2014</u>

<div style="margin-left:40%">

Respectfully submitted,

<u>/s/   Sean O'Rourke</u>
Sean E. O'Rourke (Tx. Bar # 24046547)
Southern District Id. No. 685220
SIMON-O'ROURKE LAW FIRM, P.C.
11550 Fuqua, Ste. 360
Houston, Texas 77034
Phone: 281-667-4081
Fax:   281-823-7482
E-Mail: sorourke@solawpc.com

**ATTORNEYS FOR CLAIMANTS**

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of October, 2014, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record:

<u>/s/   Sean O'Rourke</u>
Sean E. O'Rourke