UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

IN THE MATTER OF THE COMPLAINT    *    CIVIL ACTION NO. 14-1321
OF KIRBY INLAND MARINE, LP    *
OWNER OF THE M/V MISS SUSAN, KIRBY    *
27705, KIRBY 27706 PETITION FOR    *    ADMIRALTY
EXONERATION FROM OR LIMITATION    *
OF LIABILITY    *    Pursuant to Rule 9(h) of the
\*   \*   \*   \*   \*   \*   \*   \*    Federal Rules of Civil Procedure

*Consolidated with*

IN RE: SEA GALAXY MARINE SA    *    CIVIL ACTION NO. 14-134
AS OWNER OF THE M/V SUMMER    *
WIND PETITION FOR EXONERATION    *
FROM OR LIMITATION OF LIABILITY    *
\*   \*   \*   \*   \*   \*   \*   \*   

## CONSOLIDATED ANSWER AND CLAIM IN LIMITATION TO KIRBY INLAND MARINE, LP, SEA FALAXY, SA, AND CLEOPATRA SHIPPING AGENCY, LTD COMPLAINT AND PETITION OF FOR EXONERATION FROM LIMITATION OF LIABILITY AND CLAIM IN LIMITATION

TO THE HONORABLE GREGG J. COSTA:

Claimants **LICHTENFELDT ENTERPRISES, INC., 17TH STREET PROPERTIES, LLC, ALON AZRAN, AMERICAN FISHING CHARTERS, C.J. OSKOWSKI, JAMES FLUKE, WALTER LYNCH, JONATHAN JENKINS, BALAJI HOSPITALITY, INC., CASA DEL MAR RENTAL ASSOCIATION, INC., CRAIG WALLIS, KEITH WALLIS, EDMUND HUNTER, THOMAS FLORES, LINDA DAWSON, GWENDOLYN WILLIAMS, W&W DOCK, W&W ICE, W&W MARINE, DOLPHIN WORLD, INC., DOLPHIN WORLD 1, DOLPHIN WORLD 2, DOLPHIN WORLD 3, DOLPHIN WORLD GROCERY & GAS, SEASPLASH, LA RUMBA, BIG AMOS 1, BIG AMOS 2, E.D. WERNER, FREEDOM BOAT CLUB, GALVESTON HISTORICAL FOUNDATION,**

**INC., GRAY WOLF, LP, WAVE DANCER CHARTERS, GREGORY BALL, TAYLOR BOREL, JOHN CUNNINGHAM, GULF COAST DRIVER, INC., ISLAND FAMOUS HOSPITALITY NO. 1, INC., JIMMY ROUSE, JOHN ARCHER, MAHALAXMI ENTERPRISES, INC., MAHALAXMI HOSPITALITY, INC., PADMANABH ENTERPRISES, INC., PADMANABH, INC., PORZA, LLC, RRI GALVESTON, LLC, and UNION BOATMEN AND LINE HANDLERS, INC**. file this Consolidated Answer and Claim in Limitation to **KIRBY INLAND LP, SEA FALAXY, SA, and CLEOPATRA SHIPPINGAGENCY, LTD'S** ("Petitioners" or "Complainants") Complaint and Petition for Exoneration From or Limitation of Liability and Claims in Limitation and would respectfully show the Court that:

## I.     DEFENSES AND ANSWER

For answer to the Complaint, Claimants state the following defenses and responses to the allegations as to all Petitioners:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. PROC.

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors each Petitioner over Claimants and deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**THIRD DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.,* the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimants' claims.  The proper security must be deposited at the time of filing.  Rule F(1).  Petitioners' deposit at the time of filing did not meet the requirements of Rule F(1).  Accordingly, this limitation action must be dismissed.

**FOURTH DEFENSE**

To the extent Petitioners' insurers attempt to avail itself of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**FIFTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants.  *See* 46 U.S.C. § 183; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**SIXTH DEFENSE**

Claimants respectfully reserve the right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue claims in the forum of choice.  Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Technologies, L.P.*,

3

362 F.3d 388 (5th Cir. 2004).  Further, pursuant to the holdings of *In Re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2nd Cir. 1932); *Kreta Shipping v. Preussay International Steel Corp.*, 192 F.3d 41, 48 (2nd Cir. 1999); and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), Claimants hereby assert and claim the right to have claims and damages tried to a jury in the court of their choosing.

**SEVENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of each vessel and/or for any additional vessels in any flotilla, their engines, apparel, appurtenances, pending freight, contracts, etc., and the adequacy of security.

**EIGHTH DEFENSE**

The incident made the basis of Claimants' claims caused serious injury to Claimants, and was caused, at least, in part, by the negligence of Petitioners, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioners, its principals, agents, servants, and/or employees.  Accordingly, Petitioners cannot limit any liability.

**NINTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by each Petitioner.

**II.**     **ANSWER AS TO KIRBY INLAND MARINE, LP**

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner **KIRBY INLAND MARINE, LP**, as follows:

4

**A.**

Claimants deny the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

**B.**

Claimants deny the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

**C.**

Claimants deny the allegations in Paragraph 3 for lack of sufficient information to justify a belief in the truth thereof.

**D.**

Claimants deny the allegations in Paragraph 4 for lack of sufficient information to justify a belief in the truth thereof.

**E.**

Claimants deny the allegations in Paragraph 5 for lack of sufficient information to justify a belief in the truth thereof.

**F.**

Claimants deny the allegations in Paragraph 6 for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants admit the allegations in Paragraph 7.

**H.**

Claimants deny the allegations in Paragraph 8 or lack of sufficient information to justify a belief in the truth thereof.

**I.**

Claimants deny the allegations in Paragraph 9.

**J.**

Claimants deny the allegations in Paragraph 10.

**K.**

Claimants deny the allegations in Paragraph 11 or lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 12 or lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 13 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

### III.   ANSWER AS TO SEA GALAXY MARINE, SA

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner **SEA GALAXY MARINE, SA**, as follows:

**A.**

Claimants deny the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

**B.**

Claimants deny the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

**C.**

Claimants deny the allegations in Paragraph 3 for lack of sufficient information to justify a belief in the truth thereof.

**D.**

Claimants deny the allegations in Paragraph 4 for lack of sufficient information to justify a belief in the truth thereof.

**E.**

Claimants deny the allegations in Paragraph 5 for lack of sufficient information to justify a belief in the truth thereof.

**F.**

Claimants deny the allegations in Paragraph 6 for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants deny the allegations in Paragraph 7 for lack of sufficient information to justify a belief in the truth thereof..

**H.**

Claimants deny the allegations in Paragraph 8.

**I.**

Claimants deny the allegations in Paragraph 9.

**J.**

Claimants deny the allegations in Paragraph 10.

**K.**

Claimants deny the allegations in Paragraph 11 or lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 12 or lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 13 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

**Q.**

Claimants deny the allegations in Paragraph 17 for lack of sufficient information to justify a belief in the truth thereof.

**R.**

Claimants deny the allegations in Paragraph 18 or lack of sufficient information to justify a belief in the truth thereof.

**S.**

Claimants deny the allegations in Paragraph 19 for lack of sufficient information to justify a belief in the truth thereof.

**T.**

Claimants deny the allegations in paragraph 20 for lack of sufficient information to justify a belief in the truth thereof.

**U.**

Claimants deny the allegations in Paragraph 21 are not the type to which Claimants can affirm or deny. To the extent such is incorrect, Claimants deny the allegations contained therein for lack of sufficient information to justify a belief in the truth thereof.

## IV. <u>ANSWER AS TO CLEOPATRA SHIPPING AGENCY, LTD.</u>

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner **CLEOPATRA SHIPPING AGENCY, LTD.**, as follows:

### A.

Claimants deny the allegations in Paragraph 4.1 for lack of sufficient information to justify a belief in the truth thereof.

### B.

Claimants deny the allegations in Paragraph 4.2 for lack of sufficient information to justify a belief in the truth thereof.

### C.

Claimants deny the allegations in Paragraph 4.3 for lack of sufficient information to justify a belief in the truth thereof.

### D.

Claimants deny the allegations in Paragraph 4.4 for lack of sufficient information to justify a belief in the truth thereof.

### E.

Claimants deny the allegations in Paragraph 4.5 for lack of sufficient information to justify a belief in the truth thereof.

### F.

Claimants deny the allegations in Paragraph 4.6, all subsections, for lack of sufficient information to justify a belief in the truth thereof.

**G.**

Claimants deny the allegations in Paragraph 4.7 for lack of sufficient information to justify a belief in the truth thereof.

**H.**

Claimants deny the allegations in Paragraph 4.8 for lack of sufficient information to justify a belief in the truth thereof.

**I.**

Claimants deny the allegations in Paragraph 4.9 for lack of sufficient information to justify a belief in the truth thereof.

**J.**

Claimants deny the allegations in Paragraph 4.9 for lack of sufficient information to justify a belief in the truth thereof.

**K.**

Claimants deny the allegations in Paragraph 4.10 for lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 4.11 for lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 4.12 for lack of sufficient information to justify a belief in the truth thereof.

**N.**

Claimants deny the allegations in Paragraph 4.13 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

Claimants deny the allegations in Paragraph 4.14 for lack of sufficient information to justify a belief in the truth thereof.

**P.**

Claimants deny the allegations in Paragraph 4.15 for lack of sufficient information to justify a belief in the truth thereof.

**Q.**

Claimants deny the allegations in Paragraph 4.16 for lack of sufficient information to justify a belief in the truth thereof.

**R.**

Claimants deny the allegations in Paragraph 4.17 for lack of sufficient information to justify a belief in the truth thereof.

**S.**

Claimants deny the allegations in Paragraph 4.18 for lack of sufficient information to justify a belief in the truth thereof.

**T.**

Claimants deny the allegations in Paragraph 4.19 for lack of sufficient information to justify a belief in the truth thereof.

**U.**

Claimants deny the allegations in Paragraph 4.20 for lack of sufficient information to justify a belief in the truth thereof.

**V.**

Claimants deny the allegations in Paragraph 4.21 for lack of sufficient information to justify a belief in the truth thereof.

**W.**

Claimants deny the allegations in Paragraph 4.22 for lack of sufficient information to justify a belief in the truth thereof.

**X.**

Claimants deny the allegations in Paragraph 4.23 for lack of sufficient information to justify a belief in the truth thereof.

**Y.**

Claimants deny the allegations in Paragraph 4.24 for lack of sufficient information to justify a belief in the truth thereof.

**Z.**

Claimants deny the allegations in Paragraph 4.25 for lack of sufficient information to justify a belief in the truth thereof.

**AA.**

Claimants deny the allegations in Paragraph 4.26 for lack of sufficient information to justify a belief in the truth thereof.

**BB.**

Claimants deny the allegations in Paragraph 4.27 for lack of sufficient information to justify a belief in the truth thereof.

**CC.**

Claimants deny the allegations in Paragraph 4.28 for lack of sufficient information to justify a belief in the truth thereof.

**DD.**

Claimants deny the allegations in Paragraph 4.29 for lack of sufficient information to justify a belief in the truth thereof.

**EE.**

Claimants deny the allegations in Paragraph 4.30 for lack of sufficient information to justify a belief in the truth thereof.

**FF.**

Claimants deny the allegations in Paragraph 4.31 for lack of sufficient information to justify a belief in the truth thereof.

**GG.**

Claimants deny the allegations in Paragraph 4.32 for lack of sufficient information to justify a belief in the truth thereof.

**HH.**

Claimants deny the allegations in Paragraph 4.33 for lack of sufficient information to justify a belief in the truth thereof.

## V.  CLAIMS AS TO ALL PETITIONERS

AND NOW, Claimants assert claims against Petitioners as follows:

### A.

Claimants, individuals and/or entities have suffered losses under admiralty or maritime law. The Claimants can be defined as follows:

See Exhibit A.

### B.

Claimants, collectively, suffered physical loss, economic loss, and loss of property as a direct result of the collision between M/V SUMMER WIND and M/V MISS SUSAN and its barges and the resulting oil spill. Such injuries were legally caused by the negligence and gross negligence of the Petitioners and the unseaworthiness of the Vessels in question. A barge partially sunk while on navigable waters, injuring six persons. Such an incident does not occur without an unseaworthy condition or negligence.

The Claimants have suffered and will continue to suffer economic loss due to the Spill and response related injury to marine like in the Gulf of Mexico.

### C.

### NEGLIGENCE AND GROSS NEGLIGENCE

Petitioners were negligent, negligent per se, grossly negligent, and reckless for the following reasons.

 a. failure to properly supervise their crew;

 b. failure to properly train their employees;

 c. failure to maintain a proper lookout;

 d. failed to chart and maintain a safe course;

e.   failed to take reasonable action to prevent the collision, or minimize the effect thereof;

f.   failure to provide adequate safety equipment;

g.   failure to provide adequate medical treatment;

h.   operating the vessel with an inadequate crew;

i.   failure to maintain the vessel;

j.   vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

k.   violating applicable Coast Guard, MMS and/or OSHA regulations; and

l.   other acts deemed negligent, grossly negligent, and reckless.

**D.**

At all relevant times, the M/V SUMMER WIND, M/V MISS SUSAN, KIRBY 27705 and JIRBY 27706 were unseaworthy.

**E.**

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioners, Claimants sustained economic damages and/or other costs as a result of the oil spill.

Petitioners owed and breached duties of ordinary and reasonable care to Claimants in connection with the maintenance and operation of its vessel, and additionally owed and breached duties to Claimants to guard against and/or prevent such risk. Petitioners failed to exercise reasonable care and acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety of the Claimants.

**F.**

16

As a result of the foregoing injuries, Claimants have suffered damages as provided on Exhibit A.

## G.

Claimants are also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimants and the coastal community as a whole. Petitioners failed to properly maintain and/or operate their vessels, operated same in such a manner to save time and money without regard to safety, ignored warnings, failed to implement and enforce safety regulations, failed to avoid or mitigate the explosion, and failed to establish and enforce an appropriate response plan. Petitioners were subjectively aware of the extreme risk posed by the condition which caused Claimant injuries, but did nothing to rectify them. Petitioners' acts and omissions involved and extreme degree of risk considering the probability and magnitude of potential harm to Claimants and to others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimants may recover punitive damages under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of each Petitioner.

## VI.   <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this consolidated Answer and Claim in Limitations be deemed good and sufficient and that after due proceedings, there be judgment denying the Complaint of Petitioners for exoneration from or limitation of liability, with all costs to be borne by such Petitioners. Claimants demand against Petitioners as

follows: economic and compensatory damages; punitive damages, pre-judgment and post-judgment interest at the maximum rate allowable by law, attorney's fees and costs of litigation, and such other relief available under all applicable state and federal laws and any relief the Court deems just.

Respectfully submitted,

**LAW OFFICES OF A. CRAIG EILAND**

By: _____*/S/ A. Craig Eiland*_____
      A. Craig Eiland
      Attorney-In-Charge
      State Bar No. 06502380
      S.D. Tex. I.D. No. 9076
      ceiland@eilandlaw.com
      Austin B. Martin
      State Bar No. 24090245
      S.D. Tex. I.D. No.2349229
      amartin@eilandlaw.com
      Law Offices of A. Craig Eiland, P.C.
      Old Galveston Square
      2211 The Strand, Ste. 201
      Galveston, TX 77550
      409-763-3260
      Fax: 409-763-8154

**OF COUNSEL: THE JAWORSKI LAW FIRM**

By: _____*/S/ Joseph S. Jaworski*_____
      Joseph S. Jaworski, Of Counsel
      State Bar No. 10593200
      S.D. Tex. I.D. No. 14888
      305 21st Street, Suite 222
      Galveston, Texas 77550
      Ph.: 409-763-0700
      Fax: 409-763-6352

**ATTORNEYS FOR CLAIMANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

***Via E-mail: georgantas@chaffe.com***
***& Via E-mail: barr@chaffe.com***
***& Via E-mail: walters@chaffe.com***
Dimitri P. Georgantas
Eugene Wade Barr
Keven Patrick Walters
CHAFFE MCCALL, L.L.P.
801 Travis Street, Ste. 1910
Houston, Texas 77002

***Via E-mail: jstepp@ss-pc.com***
***& Via E-mail: dsullivan@ss-pc.com***
Jad J. Stepp
Dennis J. Sullivan
1010 Lamar Street, Suite 810
Houston, TX 77002

***Via E-mail: tbuzbee@txattorneys.com***
***& Via E-mail: cadams@txattorneys.com***
Anthony G. Buzbee
Caroline E. Adams
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

***Via E-mail: rick@grigg-law.com***
Rick Leeper
SPIVERY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701

***Via E-mail: Fcdlaw@aol.com***
Frank C. Dudenhefer, Jr.
The Dudenhefer Law Firm, L.L.C.
5200 St. Charles Ave.
New Orleans, Louisiana 70115

***Via E-mail: calvinfayard@fayardlaw.com***
Calvin C. Fayard, Jr.
519 Florida Avenue, SW

Denham Springs, LA 708726

***Via E-mail: citkin@arnolditkin.com***
Cory D. Itkin
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007

***Via E-mail: sorourke@solawpc.com***
Sean Edward O'Rourke
11550 Fuqua, Suite 360
Houston, Texas 77034

***Via E-mail: durham@easthamlaw.com***
***& Via E-mail: bailey@easthamlaw.com***
William A. Durham
James T. Bailey
EASTHAM, WATSON, DALE, & FORNEY, L.L.P.
The Niels Esperson Building
808 Travis, Suite 1300
Houston, Texas 77002

***Via E-mail: mike@mhowell-law.com***
Michael T. Howell
Howell Law Firm
4309 Yoakum, Suite 3000
Houston, Texas 77006

***Via E-mail: jimmy@jimmywilliamson.com***
Jimmy Williamson
Williamson & Rusnak
4310 Yoakum Boulevard
Houston, Texas 77006

***Via E-mail: jmalish@bhbmlaw.com***
***& Via E-mail: dcarrigee@bhbmlaw.com***
Jedd S. Malish
David L. Carrigee
Baldwin Haspel Burke & Mayer
Centre-Suite 3600
1100 Poydras Street
New Orleans, LA 70163

***Via E-mail: kletourneau@blankrome.com***
Mr. Keith B. Letorneau
Mitchell R. Machann

Blank Rome LLP
700 Louisiana, Suite 4000
Houston, Texas 77002-2727

*__Via E-mail: mmcrea@baronbudd.com__*
Mitchell E. McCrea
Baron & Budd P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75213

*__Via E-mail: fswaim@gitbs.com__*
Frederick W. Swaim
Galloway Johnson Tompkins Burr Smith
701 Poydras St., 40th Floor
New Orleans, LA 70139

*__Via E-mail: james@burnwellnebout.com__*
James D. Nebout
1501 Amburn Rd., Suite 9
Texas City, Texas 77591

*__Via E-mail: rbooth@millshirley.com__*
Robert Edward Booth
Mills Shirley LLP
2228 Mechanic Street, Suite 400
Galveston, Texas 77550

*__Via E-mail: strick@frfirm.com__*
Timothy Wayne Strickland
Fowler Rodriguez
1331 Lamar, Suite 1560
Houston, Texas 77010

*__Via E-mail: ahemphill@brownsims.com__*
Allen Dwayne Hemphill
Brown Sims PC
1177 W Loop South, 10th Floor
Houston, Texas 77027

*__Via E-mail: javier@herreralaw.com__*
*__& Via E-mail: fherrera@herreralaw.com__*
Javier Luis Herrera
Frank Herrera
The Herrera Law Firm, Inc.
111 Soledad St., Suite 1900
San Antonio, Texas 78205

***Via E-mail: btaylor@cossichlaw.com***
Brandon J. Taylor
Philip Cossich
David Parsiola
Mark E. Kaufman
Cossich, Sumich, Parisola & Taylor
8397 Highway 23, Suite 100
Belle Chasse, LA 70037

***Via E-mail: sgisleson@hhklawfirm.com***
Soren E. Gisleson
Herman Herman Katz LLC
820 O'Keefe Ave.
New Orleans, LA 70113

***Via Manual E-mail: jacob@wsvjr.com***
Vatroslave Jacob Gardin
Attorney at Law
2018 Prytania St.
New Orleans, LA 70130

*/S/ A. Craig Eiland*
A. Craig Eiland