UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEA GALAXY MARINE SA, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-00134 |
| | § | |
| RICHARD GILMORE, *et al*, | § | |
| | § | |
| Claimants. | § | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Sea Galaxy Marine, S.A. served Kirby Inland Marine, LP with requests for production.  Document Entry No. 138, Ex. A.  Kirby filed a formal Motion for a Protective Order, citing the attorney-client and work product privileges, HIPAA's disclosure prohibition, and trade secrets.  Docket Entry No. 138.  As stated on the record, the Court will **DENY** as moot the claims relating to HIPAA and trade secrets, based on the parties' agreement.  Kirby should submit a proposed protective order that will govern discovery in the case to ensure highly sensitive documents are disclosed only to attorneys and experts.

The only remaining issue is whether information produced by Kirby to the Coast Guard for its marine casualty investigation is discoverable.  *See* Docket Entry No. 138, Ex. A, Requests for Production 7, 39, and 44.  Under 46 U.S.C. § 6308, "no part of a report of a marine casualty investigation . . . including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be

admissible as evidence or subject to discovery in any civil or administrative proceeding . . . ." The Court agrees with the reasoning in *Guest v. Carnival Corp.*, 917 F.Supp.2d 1242, 1245–46 (S.D. Fla. 2012) and the cases it cites that the statutory prohibition is limited to the actual investigation report produced by the Coast Guard and does not include documents that Kirby provided to the Coast Guard. Therefore, Sea Galaxy may not obtain the Coast Guard's marine casualty investigation report sought in its Requests for Production 7 and 39.

But producing a document to the Coast Guard for its marine casualty investigation does not itself insulate otherwise discoverable material. Accordingly, the documents encompassed by Request for Production 44 ("All documents provided by [Kirby] to the United States Coast Guard, National Transportation Safety Board, and/or any other federal, state or governmental authority in any way related to the March 22, 2014 collision giving rise to this litigation.") are not privileged. Therefore, Kirby's Motion for a Protective Order (Document Entry No. 138) is **DENIED IN PART AS MOOT, DENIED IN PART**, and **GRANTED IN PART**.

Signed this 8th day of October, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by Designation