Case 3:14-cv-00134 Document 859 Filed in TXSD on 11/21/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT §<br>OF KIRBY INLAND MARINE, LP §<br>OWNER OF THE M/V MISS SUSAN, §<br>KIRBY 27705, KIRBY 27706 §<br>PETITIONING FOR EXONERATION §<br>FROM OR THE LIMITATION OF §<br>LIABILITY §<br>§ | CIVIL ACTION NO. 4:14-CV-1321 |

*CONSOLIDATED WITH*

| | |
|---|---|
| §<br>IN RE: SEA GALAXY MARINE SA, AS §<br>OWNER OF THE M/V SUMMER WIND §<br>PETITIONING FOR EXONERATION §<br>FROM OR LIMITATION OF §<br>LIABILITY §<br>§<br>§ | CIVIL ACTION NO. 3:14-CV-134 |

# ORDER

Now that the Court has entered the settlement resolving the claims of the economic claimants as well as the dispute between Kirby and Sea Galaxy, it will rule on outstanding issues from the bench trial in the limitation proceeding that affect personal injury claimants Garrett and Salazar. The remaining parties have debated whether this court, which held a four day bench trial last December, should decide certain issues or whether a state court jury is appropriate. *See* Docket Entries 823, 824, 826, 829, and 830. In limitations proceedings, the Court's ordinary preference is to decide only the "core" limitation questions and

allow state court juries to resolve other issues. *See Brown Water Marine Serv., Inc. v. Alvarado*, 2012 WL 2994459 (S.D. Tex. July 20, 2012). This case, however, is much different than the ordinary posture in which the allocation of authority between a federal judge presiding over a limitation action and a state court jury is presented. A trial has already been held in which the evidence to consider all these issues was presented. Counsel for all the parties was involved at that trial. Efficiency and fairness concerns both warrant this Court exercising its discretion to resolve the issues presented to it at the bench trial. So does the fact that the law is clear about the unavailability of punitive damages, which is the question that the parties seem to care most about in terms of who gets to decide it.

The Court thus decides the following questions. The more thorough findings of facts and conclusions of law typical of a bench trial will be presented at a later date if necessary. But to get the long-stayed damages trial in state court moving, at this time the Court will make its finding in the format of a verdict form:

1. Was Kirby negligent: YES

2. Was Sea Galaxy negligent: YES

3. What was the comparative fault of the Petitioners:

    Kirby:       75%
    Sea Galaxy: 25%

4. Is Kirby subject to punitive damages?

No, under *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 384 (5th Cir. 2014) (en banc) (holding seamen not able to recover punitive damages against employer). It would therefore be advisory for the Court to make a finding on the fact question whether Kirby engaged in gross negligence.

At this time, the Court will not decide the remaining questions of whether privity or knowledge exists that would preclude Kirby or Sea Galaxy from limiting its liability. The Court will retain jurisdiction to do so if the state court action, along with any other liability subject to the Limitation of Liability Act, exceeds the value of the vessel for one or both of those petitioners.

The stay is lifted to allow *Garrett v. Kirby Inland Marine, LP* to proceed in Galveston County Court at Law No. 3.

**SIGNED** this 21st day of November, 2016.

_____
Gregg Costa
United States Circuit [*]

---

[*] Sitting by designation.