IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO. |
| OF KIRBY INLAND MARINE, LP | * | 14-1321 |
| OWNER OF THE M/V MISS SUSAN, | * | |
| KIRBY 27705, KIRBY 27706 | * | ADMIRALTY |
| PETITIONING FOR EXONERATION | * | |
| FROM OR LIMITATION OF LIABILITY | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Consolidated with*

| | | |
|---|---|---|
| IN RE: SEA GALAXY MARINE SA, AS | * | CIVIL ACTION NO. |
| OWNER OF THE M/V SUMMER WIND | * | 14-134 |
| PETITIONING FOR EXONERATION | * | |
| FROM OR LIMITATION OF LIABILITY | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**PETITIONER KIRBY INLAND MARINE LP'S
MOTION FOR SUMMARY JUDGMENT
ON THE CLAIMS OF KRATON CORPORATION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Petitioner Kirby Inland Marine LP ("Kirby") files this Motion for Summary Judgment on the claims of Kraton Corporation f/k/a Kraton Performance Polymers Inc., Kraton Polymers LLC, and Kraton Polymers U.S. LLC (collectively, "Kraton"). Kraton failed to timely present its claim to Kirby, as required under the Oil Pollution Act of 1990 ("OPA"), and has failed to file any petition asserting an OPA claim. As such, Kraton's claim against Kirby is barred by OPA's presentment requirement, as well as the statute of limitations, and it should be dismissed with prejudice.

1

**Background**

In enacting OPA, Congress created a process to require claimants and responsible parties to efficiently resolve claims—or at least attempt to do so—before burdening the courts with lawsuits. This OPA presentment process requires each claimant to present all claims arising under OPA to the responsible party, and then wait to file any lawsuit until either the responsible party denies the claims or 90 days elapse after the date of presentment without a resolution of the claims. *See* 33 U.S.C. §§ 2701(3); 2713(a)-(c) (2012). OPA claimants must also comply with OPA's three-year statute of limitations, which, in this case, expired on March 22, 2017. The Fifth Circuit has held:

> OPA clearly requires that the claimants comply with both the 90-day waiting period and the three-year period of limitations. Therefore, claimants may not ignore the 90-day waiting period simply because the period of limitations is about to expire.

*Nguyen v. American Commercial Lines, LLC*, 805 F.3d 134, 143-44 (5th Cir. 2015).

On July 7, 2014, Kraton filed its initial (and only) pleadings in this matter,[1] which are entitled "Answer to Kirby Inland Marine, LP's Complaint and Petition for Exoneration From or Limitation of Liability and Claim in Limitation" (Kraton's "Answer and Claim"). Kraton's Answer and Claim only alleges "losses under

---

[1] Kraton filed two identical answers and claims against Kirby (Cause No. 4:14-cv-01321). *See* Dkt. 83 and Dkt. 84. Kraton never filed claims against Sea Galaxy Marine, S.A. or Cleopatra Shipping Agency, Ltd.

2

admiralty or maritime law", and it was filed under Admiralty Rule 9(h).[2] Kraton's Answer and Claim does not allege claims under OPA.

Notably, Kraton's Answer and Claim is almost identical to the Buzbee Law Firm's May 21, 2014 pleading entitled "Answer to Kirby Inland Marine, LP's Complaint and Petition for Exoneration from Limitation of Liability and Claim in Limitation" ("Buzbee's 2014 Answer and Claim").[3] Kraton's Answer and Claim contains the same flaws that Buzbee's 2014 Answer and Claim contained with respect to its up-pled OPA claims. More specifically, in early 2016, this Court considered whether Buzbee's 2014 Answer and Claim included a proper jury demand. Because there is no right to a jury trial on admiralty claims,[4] and Buzbee's 2014 Answer and Claim, like Kraton's Answer and Claim, asserted claims for "losses under admiralty or maritime law" only, on February 10, 2016, this Court ruled that:

> Claimants' OPA claims displace claimants' general maritime claims against Kirby, with the possible exception of punitive damages available under maritime law. [The] Court thus GRANTS IN PART Motion to Dismiss (Docket Entry No. 212) reserving ruling only on whether the OPA displaces punitive damages otherwise available under maritime law. The Court orders the bellwether claimants to file a separate lawsuit for their OPA claims against Kirby by February 17. Other claimants with OPA claims will need to either be included in original complaint or added prior to running of limitations. The OPA claims of the individual claimants are dismissed from this case without prejudice. The new complaint shall be filed in the Galveston Division

---

[2] *See* Dkt. 83 and Dkt. 84 at Part IV, ¶ A.
[3] *See* Cause No. 4:14-cv-01321 at Dkt. 6.
[4] *See* FED. R. CIV. P. 9(h); 38(e).

3

along with a notice of related case and shall include a jury demand if desired.[5]

Kraton never amended its Answer and Claim and never filed any new petition asserting claims under OPA.[6]

To streamline OPA presentment, on November 10, 2014, this Court approved the "Galveston Oil Spill Presentment Form and Questionnaire" ("Presentment Form").[7] The Presentment Form enabled claimants to make a formal presentment of their OPA claim to Kirby (the responsible party), as well as provide Kirby with basic information about the claim.[8] The Presentment Form's first page provides that:

> Any individual or legal entity who after November 3, 2014, seeks to assert an Oil Pollution Act claim must file a complaint, or other form if approved by the Court. Ninety (90) days prior to such filing, plaintiff/claimant must complete and serve this Presentment Claim

---

[5] *See* 2/10/16 Minute Entry. In a December 1, 2015 telephone conference, counsel for the Buzbee Bellwether Claimants questioned whether the bellwether cases would be tried to a jury. Counsel for Kirby responded that, based on the live pleadings (Buzbee's 2014 Answer and Claim), the Buzbee Bellwether Claimants were not entitled to a jury trial. The Buzbee claimants filed a new complaint under OPA; Kraton did not. Kraton is not entitled to a jury trial.

[6] In August of 2014, Kirby's prior counsel filed numerous motions to dismiss claims filed in the limitation action, including Kraton's Answer and Claim, on the following grounds: (1) lack of subject matter jurisdiction under Rule 12(b)(1) and Rule 12(c) for failure to properly present under 33 U.S.C. § 2713 of OPA; and (2) failure to state a claim on which relief can be granted under Rule 12(b)(6). *See* Dkt. 212; *see also*, Dkts. 467-68 (Kirby's motion to dismiss Kraton's claim). On September 26, 2014, Kraton filed its response to Kirby's motion to dismiss, stating:

> Kraton is agreeable to a dismissal without prejudice and does not anticipate refiling if Kraton and Kirby can agree on the amount owed Kraton under the OPA claim. Kraton asks that [its claims] be dismissed *without prejudice* to the filing of either an administrative claim with Kirby under OPA, or a subsequent court action[.] Dkts. 517-18.

On October 8, 2014, this Court ruled that:

> [T]he Court is not going to dismiss [OPA] claims that have been filed, but only OPA claims that have satisfied the presentment requirement may go forward . . . for administrative reasons, the Court will deny all Motions to Dismiss . . . except for [Dkt.] 212 . . . The Court's ruling on [Dkt.] 212 will apply to all claims.

Dkt. 565.

[7] *See* Dkt. at 595

[8] *See* Dkt. 588 at Ex. 1.

4

Form and Questionnaire via e-mail upon Kirby . . . in order to satisfy OPA presentment.[9]

After November 10, 2014, hundreds of claimants, including individual fishermen and crabbers, some of whom did not speak English, completed and submitted Presentment Forms to Kirby, and further submitted requested documentation supporting their damage claims. In November of 2016, Kirby, Sea Galaxy, and Cleopatra reached a global settlement of almost all of these claims. Kraton's untimely claim is the only claim remaining in this case.

Kraton waited until March 15, 2017,[10] one week before the March 22, 2017 statute of limitations deadline, to send Kirby its Presentment Form, along with a letter detailing its economic loss claim (approximately $200,000.00) arising out of the March 22, 2014 oil spill. Although Kraton was aware of the need to present its claims to Kirby, Kraton failed to timely present its OPA claim, and it failed to file any petition asserting such claims.

## Arguments and Authorities

I.  **Kraton's failure to comply with OPA's presentment requirement and the statute of limitations mandates dismissal of its claim.**

Courts have consistently recognized that OPA's presentment requirements are mandatory conditions precedent to filing a lawsuit, and plaintiffs who fail to present such claims are subject to dismissal. *See, e.g., Nguyen*, 805 F.3d at 142-43*; In re Oil*

---

[9] *Id.*
[10] *See* Exhibit A, Kraton's March 15, 2017 Presentment Form and Letter.

*Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d. 943, 964 (E.D. La. 2011) ("The text of the statute is clear. Congress intended presentment to be a mandatory condition precedent to filing suit."). Before filing a lawsuit, OPA claimants are required to satisfy OPA's two-step claim presentment process. First, OPA requires that "**all claims** for removal costs or damages **shall be presented first** to the responsible party …" 33 U.S.C. § 2713(a) (2012) (emphasis added). Second, OPA requires a claimant to wait to file its lawsuit until either (a) the responsible party denies the presented claim, or (b) a 90-day period expires without resolution of the presented claim. *Id*. § 2713(c). OPA further provides that a suit asserting OPA claims must be brought within three years of "the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care…" *Id.* at § 2717(f)(1).

Here, Kraton's claim is untimely because it was not presented to Kirby within 90 days of OPA's three-year statute of limitations. *See*, *e.g.*, *Nguyen*, 805 F.3d at 143-44. In *Nguyen*, certain claimants first presented their OPA claims to the responsible party three days before the statute of limitations expired. *Id.* at 142. The *Nguyen* claimants then filed a lawsuit against the responsible party three days later, which was the last day of the limitations period. *Id.* To avoid dismissal, the *Nguyen* claimants argued that their compliance with the three-year statute of limitations excused their non-compliance with OPA's 90-day presentment requirement. *Id.* at

6

143-44.  The Fifth Circuit rejected the argument, holding that when claimants, like the *Ngyuen* claimants and Kraton, do not present a claim at least 90 days before the expiration of the three-year statute of limitations period, then the claim is barred. *Id.* at 143-45.

Further, in *In re Oil Spill*, certain claimants filed lawsuits against the responsible party (BP), but then failed to timely present their OPA claims to BP. 2017 WL 4226129 at *1-4 (E.D. La. Sept. 21, 2017).  BP moved to dismiss these claims, and the court held that the OPA claimants who had not complied with OPA's presentment requirement were dismissed with prejudice. *Id.*  In so holding, the court explained that:

> Ordinarily, the Court would dismiss these plaintiffs' claims without prejudice, giving them the opportunity to comply with presentment and then refile their complaints.  However, because OPA's 3-year statute of limitations has long since run, dismissal will be with prejudice.

*Id.* at *1 (internal citations omitted).  Although the *In re Oil Spill* OPA claimants had filed lawsuits against BP before presenting their claims, merely filing a petition does not satisfy OPA's presentment requirement. *See id.*

Here, Kraton was well aware of the need to present its claims to Kirby.  Kraton had repeated opportunities over many years to present its claim, wait ninety days, and then file a petition asserting OPA claims.  However, Kraton failed to timely present and plead its OPA claim, and thus failed to satisfy OPA's mandatory condition precedent to maintaining its lawsuit.  When a claimant fails to comply

7

with this mandatory condition precedent, the claimant's claim must be dismissed. *See Nguyen*, 805 F.3d at 145 (holding that "based on the plain language of [OPA], the claimants in this case who failed to present their claims at least 90 days prior to commencing an action in court are barred from pursing litigation against [the responsible party]"); *In re Oil Spill*, 2017 WL 4226129 at *1; *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1995) (affirming dismissal of plaintiffs' OPA claim for failing to meet the "mandatory condition precedent" of presentment); *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993) ("If plaintiffs fail to comply with the prerequisites for bringing such a claim, the OPA claim must be dismissed.").

Further, Kraton's Answer and Claim asserts only claims for "losses under admiralty or maritime law", which are displaced by OPA. Kraton did not plead any OPA claims in its Answer and Claim, and it has not filed any OPA claims to date. Any such claims are now barred by OPA's three-year statute of limitations. Because Kraton failed to present its claims to Kirby within 90 days of the three-year statute of limitations, and further because it has not filed any petition asserting OPA claims, Kraton's claims are now time barred.[11] Kirby respectfully requests that this Court dismiss Kraton's claims with prejudice.

---

[11] *See* 33 U.S.C. §§ 2713(a); 2717(f) (2012).

## Conclusion

For the foregoing reasons, Petitioner Kirby Inland Marine, LP, respectfully requests that the Court grant its Motion for Summary Judgment, that Kraton's claims against Kirby be dismissed with prejudice.

Respectfully submitted,

**SHIPLEY SNELL MONTGOMERY LLP**

By: */s/ George T. Shipley*
George T. Shipley
State Bar No. 18267100
Federal ID No. 2118
Amy Snell
State Bar No. 24002968
Federal ID No. 23039
Laina R. Miller
State Bar No. 24037114
Federal ID No. 36597
712 Main Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057

**ATTORNEYS FOR PETITIONER
KIRBY INLAND MARINE, L.P.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this the 13th day of October, 2017 with a copy of the above document via the court's CM/ECF System per Local Rule 5.1.

*/s/ George T. Shipley*
George T. Shipley